## 8672.  BEDGOOD *v.* FLOYD.

PER CURIAM.  This case is controlled by the decision in *Bedgood* v. *Floyd*
(No. 8671), ante, 617.

,   *Judgment affirmed.  Wade, C. J., and George and Luke, JJ., concur.*
                    DECIDED JULY 25, 1917.

Motion to set aside judgment; from Campbell superior court—
Judge Smith.  June 13, 1916.

*James & Bedgood,* for plaintiff in error.

*J. F. Golightly,* contra.

---

## 8676.  WALLER *v.* BULLARD.

PER CURIAM.  This case is controlled by the decision in *Bedgood* v. *Floyd*,
ante, 617.

*Judgment affirmed.  Wade, C. J., and George and Luke, JJ., concur.*
                    DECIDED JULY 25, 1917.

Motion to vacate judgment; from Campbell superior court—
Judge Smith.  June 13, 1916.

*James & Bedgood,* for plaintiff in error.

*J. F. Golightly,* contra.

---

## 8745.  ABDALLAH *v.* THE STATE.

WADE, C. J.  1.  The evidence, though circumstantial, was sufficient to
establish the corpus delicti (*Westbrook* v. *State,* 91 *Ga.* 11 (16 S. E.
100); *Allen* v. *State,* 91 *Ga.* 189 (16 S. E. 980); *Dixon* v. *State,* 11
*Ga. App.* 367 (75 S. E. 266); *Rice* v. *State,* 16 *Ga. App.* 128 (84 S. E.
609); *Wade* v. *State,* 16 *Ga. App.* 163 (84 S. E. 593)), and showed a
motive on the part of the defendant to commit the crime of arson, and
was sufficient to connect him therewith and to exclude every reasonable
hypothesis save that of his guilt.

2. The discretion of a trial judge in refusing a new trial on the ground
of newly discovered evidence will not be controlled, unless manifestly
abused.  *Tilley* v. *Cox,* 119 *Ga.* 867, 872 (47 S. E. 219).  Where a mo-
tion for a new trial is based on alleged newly discovered evidence, and
affidavits disputing this ground of the motion are introduced, "the trial
judge is the trior of the facts, and it is his province to determine the
credibility of the conflicting facts and contradictory witnesses.  A re-
viewing court will not in any such case control his discretion as to the
comparative credibility of the witnesses who testified in support of the
motion and those who swore to the contrary."  *Fouraker* v. *State,* 4